IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE DAVIS, | : |
|     Petitioner | : |
|     v. | : Case No. 3:23-cv-118-KAP |
| MICHAEL GOURLEY, | : |
| SUPERINTENDENT S.C.I. CAMP HILL, | : |
|     Respondent | : |

Memorandum Order

    Petitioner Wayne Davis filed a habeas corpus petition, ECF no. 1, on June 7, 2023. The petition is dated May 19, 2023, and the certificate of service is dated May 24, 2023. Davis attacks his conviction and sentence in Commonwealth v. Davis, CP–07–CR–2029–2007 (C.P. Blair). After service, the respondent replied in a response at ECF no. 15 that the petition is untimely. Davis has replied with a motion for an order to show cause, ECF no. 17, and a traverse to the response, ECF no. 18, asserting that the petition is timely.

    Davis, as a result of a presentment by a statewide investigating grand jury, was charged in the Blair County Court of Common Pleas in 2017 with various controlled substance offenses that allegedly took place in 2015 and 2016. Represented by counsel, Davis entered a guilty plea on November 16, 2018, and received the 12-24 year sentence negotiated in the plea agreement. Davis filed a *pro se* notice of appeal on December 7, 2018. Superior Court, after ordering the appointment of counsel, affirmed Davis' conviction and sentence on December 6, 2019, in an unpublished memorandum at Commonwealth v. Davis, 1739 WDA 2018 (Pa. Super. December 6, 2019). Response, Exhibit 9. No petition for allowance of appeal was filed. Davis' conviction became final under state law on Monday January 6, 2020. Martin v. Horn, 187 F3d 333, 337 (3d Cir. 1999).

    Davis filed a timely first petition under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.*, on June 1, 2020, 147 days after his conviction was final. The PCRA petition alleged that plea counsel was ineffective for failing to challenge certain claims based on alleged distortion of testimony in the grand jury, and that plea counsel coerced Davis into pleading guilty by threatening to withdraw if Davis did not accept the guilty plea offered. (Davis had raised claims of ineffectiveness in his *pro se* filings in the direct appeal, and direct appeal counsel raised the single claim that Davis's plea was not knowing and voluntary because the plea colloquy was defective, but neither Davis nor direct appeal counsel had raised the issue of coercion by plea counsel.) The Blair County Court of Common Pleas appointed PCRA counsel, who filed an amended petition. After holding an evidentiary hearing on June 7, 2021, Judge Kagarise (President Judge

1

Elizabeth Doyle heard the plea and imposed the sentence; Judge Wade Kagarise, who had ruled on pretrial motions, handled the PCRA proceedings. Page 9 of the PCRA hearing transcript is missing but that does not affect the outcome of this matter), found that in light of the plea colloquy, Davis' testimony about plea counsel's coercion and Davis' lack of knowledge that if plea counsel withdrew other counsel would be appointed was not credible, and denied the PCRA petition on October 25, 2021. Response, Exhibit 13.

Davis, still represented by PCRA counsel, filed a notice of appeal. The Superior Court issued a briefing schedule on December 17, 2021. Davis' PCRA counsel, believing that there were no meritorious issues for appeal, filed Pennsylvania's equivalent of an Anders brief in January 2022 and a motion to withdraw in February 2022. Davis filed a motion to proceed *pro se* in Blair County dated March 5, 2022 that was forwarded to the Superior Court. One of the issues raised by Davis was the alleged ineffectiveness of PCRA counsel in not subpoenaing plea counsel for the PCRA hearing. On March 29, 2022, the Superior Court issued an Order that within 30 days Davis "may file a *pro se* response" to counsel's motion to withdraw. Response, Exhibit 23. Davis did not file a response.

On August 15, 2022, the Superior Court, noting that Davis had not responded to the petition to withdraw (and therefore noting but not addressing Davis' claim that PCRA counsel was ineffective for failing to subpoena plea counsel) affirmed the denial of the PCRA petition and granted Davis' counsel leave to withdraw in an unpublished memorandum at Commonwealth v. Davis, 1332 WDA 2021 (Pa. Super. August 15, 2022). Response, Exhibit 24. On September 6, 2022, Davis filed a *pro se* application for remand that the Superior Court denied on September 26, 2022.

In Davis' Traverse, Davis alleges that he did not receive the Superior Court's August 15, 2022 decision until his counselor told him about it on October 12, 2022. How his counselor obtained the opinion on that date is not explained. Davis alleges that he filed a petition for allowance of appeal on October 31, 2022. On November 1, 2022, the Prothonotary of the Pennsylvania Supreme Court sent Davis a letter, only the first page of which has been submitted as Traverse, Exhibit 7. The letter appears to be attempting to correct a misconception by Davis that his appeal was timely because Davis may have been relying on the dates of the ancillary remand proceedings, but in any case the Prothonotary clearly informs Davis that his petition for allowance of appeal was untimely and that to obtain review he must first file a petition styled "Petition for Leave to File Petition for Allowance of Appeal Nunc Pro Tunc" (Petition for Leave), that

> should state with specificity the reasons why a petition for allowance of appeal was not filed within the thirty-day appeal period and should include any documentary evidence as well as references to any legal authority supporting the contention that permission should be granted to file a petition for allowance of appeal late. Please note that a "Petition for Leave" should not go into the merits of the appeal or contain

argument as to why the Court should grant allowance of appeal. Such arguments would be appropriate only if the Court first grants the "Petition for Leave."

Davis filed his *pro se* Petition for Leave, dated December 5, 2022, on December 9, 2022. Response, Exhibit 26. Despite the Prothonotary's instructions, Davis phrased the question for review as "Whether the Superior Court erred in not issuing a briefing date in which Petitioner could challenge his convictions, Pursuant to Pennsylvania Rules of Appellate Procedure 1934 (Filing of THE RECORD)?" Davis recited the history of the case and included as an exhibit the Superior Court's March 29, 2022 Order, but did not mention his filing of a motion for remand and the Superior Court's denial of it. Davis acknowledged the Superior Court's decision on August 15, 2022, alleged that the Superior Court had never sent him a copy, and again represented without details (such as a declaration by his counselor) that on October 12, 2022 he "became aware of his case being closed by his unit counselor at S.C.I. Camp Hill." The thrust of Davis' Petition for Leave was that the Superior Court's decision on August 15, 2022 was wrong because the Superior Court's March 29, 2022 order only conveyed that Davis could respond to counsel's motion to withdraw and did not inform Davis that "Petitioner's failure to respond would result in dismissal of Petitioner's right to Appeal."

The Pennsylvania Supreme Court denied the Petition for Leave without explanation on April 3, 2023. Commonwealth v. Davis, No. 52 WM 2022 (Pa. April 3, 2023). Response, Exhibit 27. Davis then filed the instant habeas petition.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) contains a statute of limitations at 28 U.S.C. § 2244(d) that, with limited exceptions, requires a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to be filed within one year of the date the petitioner's judgment of sentence becomes final:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

That 1-year limitations period is tolled when a "properly filed" application for state collateral review is "pending." 28 U.S.C. § 2244(d)(2). In addition to that statutory tolling, the Supreme Court recognizes equitable tolling of the limitations period in habeas cases if petitioner can show extraordinary circumstances, that is: 1) petitioner has been pursuing his rights with reasonable diligence and some extraordinary circumstance (such as serious attorney misconduct) prevented the timely filing of the petition, Holland v. Florida, 560 U.S. 631, 649 (2010); or 2) petitioner offers a "credible" or "convincing" claim of actual innocence. McQuiggin v. Perkins, 569 U.S. 383 (2013). Davis makes no claim of actual innocence, but argues that equitable tolling applies because he did not receive timely notice of the Superior Court's denial of PCRA relief in August 2022.

Examining statutory tolling under AEDPA, the 1-year limitations period began running January 6, 2020, when the time for any further direct appeal by Davis ran, and was tolled 147 days later on June 1, 2020, when the timely first PCRA petition was filed.

The limitations period began to run again the day after August 15, 2022, when the PCRA petition was no longer pending in the state court. Lawrence v. Florida, 549 U.S. 327 (2007). There were 218 days left in the limitations period, so absent tolling it expired Wednesday, March 22, 2023.

The Supreme Court has established that an untimely PCRA petition does not toll the AEDPA limitations period, *see* Pace v. DiGuglielmo, 544 U.S. 408, 417-19 (2005)(An untimely PCRA petition is not "properly filed" and does not support statutory tolling under §2244(d)(2) or equitable tolling.); Edwards v. Carpenter, 529 U.S. 446, 452-53 (2000); Lines v. Larkins, 208 F.3d 153, 160 (3d Cir.2000). According to the Court of Appeals, unauthorized motions used by litigants in place of procedures recognized under state law, like the notice of appeal *nunc pro tunc* held ineffective in Brown v. Shannon, 322 F.3d 768, 776 (3d Cir. 2003), generally do not toll the limitations period. Davis' Petition for Leave was unsuccessful, but since it was invited by the Prothonotary of the Pennsylvania Supreme Court it cannot be called unauthorized. If the Petition for Leave had been granted, the limitations period would have been tolled during the pendency of the subsequent Petition for Allowance of Appeal. However, the power of the Pennsylvania Supreme Court to disregard procedural defects when it chooses does not mean that whatever is put before it can be considered to toll the limitations period. Satterfield v. Johnson, 434 F.3d 185, 193 (3d Cir. 2006)(rejecting claim that a King's Bench petition tolled the limitations period)

Davis' position is that his unsuccessful attempt to revive state court review of his PCRA petition by filing the Petition for Leave tolled AEDPA's limitations period until it was denied in April 2023. Respondent asserts that Davis' unsuccessful Petition for Leave did not toll the limitations period, citing the Court of Appeals' decision in Douglas v. Horn, 359 F.3d 257 (3d Cir. 2004). The Court of Appeals further explored the issue in Jenkins

4

v. Superintendent of Laurel Highlands, 705 F.3d 80, 85–86 (3d Cir. 2013). Distinguishing between a properly filed motion for extension of time to file a petition for allowance of appeal (Jenkins) and an improperly filed *nunc pro tunc* petition (Douglas), the Court of Appeals observed:

> A prisoner's application for state collateral review is " 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings[,]" *Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) (emphasis omitted), including "time limits, no matter their form," *Pace v. DiGuglielmo,* 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Thus, if a state court determines that an application is untimely, " 'that [is] the end of the matter' for purposes of" statutory tolling of AEDPAs limitation period, *id.* at 414, 125 S.Ct. 1807 (quoting *Carey v. Saffold,* 536 U.S. 214, 226, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002)), "regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits[,]" *Carey,* 536 U.S. at 226, 122 S.Ct. 2134. But if a state court fails to rule clearly on the timeliness of an application, a federal court "must … determine what the state courts would have held in respect to timeliness." *Evans v. Chavis,* 546 U.S. 189, 198, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006).

The Prothonotary's notice makes it clear that Davis' Petition for Allowance of Appeal was untimely. The denial by the Pennsylvania Supreme Court of Davis' Petition for Leave had the effect of refusing to revive the appeal. The Pennsylvania Supreme Court had no reason to explore distinctions between merits and timeliness as those terms are used in Jenkins because the Petition for Leave was expressly explained to Davis as not a device for obtaining allowance of appeal, but only an opportunity to seek the filing of a Petition for Allowance of Appeal. The rejection of an attempt to re-open a closed proceeding to obtain a ruling on the merits is not a ruling on the merits. The Prothonotary's letter made it clear that the only relevant question was whether Davis had good cause to miss the thirty-day appeal period and that Davis should avoid anything touching on the merits of the question whether allowance of appeal should be granted.

Perhaps the Supreme Court rejected Davis' Petition for Leave because it found Davis' allegations of fact to be insufficiently detailed or unsupported by corroborating evidence, or because despite instructions Davis attempted to argue the merits of an irrelevant point like the existence of a briefing schedule, or because the Supreme Court read the Superior Court's docket sheet and its August 15, 2022 opinion and rejected as unbelievable Davis' implications that 1) the Superior Court's March 29, 2022 Order was misleading and 2) the Superior Court ruled as it did solely because Davis did not respond to counsel's motion to withdraw. It does not matter.  A federal court considering a habeas petition does not have the power to go behind a state court procedural ruling to decide whether the ruling was correct as a matter of state law because, just as with a state court determination that an application is untimely, that is the end of the matter for purposes

of statutory tolling. Pace v. DiGuglielmo, 544 U.S. at 414.

To the extent that Davis presents an argument for equitable tolling based on the allegation that he did not receive notice of the Superior Court's decision until October 12, 2022, it is meritless. Davis does not show that in some extraordinary way he was prevented from asserting his rights in timely fashion. Davis is responsible for any consequences of the failure to file a response to the Superior Court's March 29, 2022 Order or a timely petition for allowance of appeal from the Superior Court's August 15, 2022 decision because they occurred at a stage where he had no Sixth Amendment right to assistance of counsel, Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)(Sixth Amendment right to appointed counsel extends to the first appeal of right, and no further), and therefore no right to effective assistance of counsel. Coleman v. Thompson, 501 U.S. 722, 752-53 (1991), *modified by* Martinez v. Ryan, 566 U.S. 1 (2012). Davis could have proceeded in parallel with his Petition for Leave by filing a federal habeas petition at any time after the Superior Court's decision and before March 22, 2023. *See* Lambert v. Blackwell, 387 F.3d 210, 234 (3d Cir. 2004)(after Superior Court affirmance of denial of a PCRA petition, exhaustion does not require presentation of federal claim to the Pennsylvania Supreme Court), *cert. denied*, 544 U.S. 1063 (2005). The Supreme Court made this very point in Pace v. DiGuglielmo, 544 U.S. at 416, stating:

> A prisoner seeking state postconviction relief might avoid this predicament [of finding a habeas petition time-barred after waiting for a state court procedural ruling], however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.

By waiting six months from the date Davis admits he knew the Superior Court had ruled and four months from the date Davis sought to have the Supreme Court revive his appeal by ruling favorably on his Petition for Leave, Davis lost his chance to challenge his guilty plea in this habeas proceeding.

A certificate of appealability should not be issued unless a habeas petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court held in Slack v. McDaniel, 529 U.S. 473, 484 (2000), that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Jurists of reason would not debate that Davis' petition is untimely. Davis has not made a

substantial showing of the denial of a constitutional right, so no certificate of appealability should be issued. A substantial showing is not synonymous with success: a petitioner need only show that jurists of reason would debate the correctness of a district court's denial of a habeas petition. *See* Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Hickox v. Superintendent Benner Twp. SCI, 2020 WL 6437411, at *1 (3d Cir. Oct. 29, 2020). At the same time, it is more than good faith or the absence of frivolity on the part of the petitioner. Miller-El v. Cockrell, 537 U.S. at 338. Davis appears to be proceeding in good faith but his petition does not meet the "debatable" standard.

The Petition is denied. The Motion to Show Cause, ECF no. 17, is denied as moot. The Clerk shall mark this matter closed.

DATE:  April 24, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Wayne A. Davis NR-3407
S.C.I. Camp Hill
P.O. Box 8837
2500 Lisburn Road
Camp Hill, PA 17001